**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MIAD GHAFFARI AJRABADI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARCO A. RUBIO,<br>*in his official capacity as U.S. Secretary*<br>*of State*, **et al.,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 25-cv-02142 (APM)

<u>**MEMORANDUM OPINION**</u>

**I.**

Plaintiff Miad Ghaffari Ajrabadi ("Miad"), a United States citizen, and his wife Plaintiff Fahimeh Mohajeri ("Fahimeh"), an Iranian national, seek to compel Defendants Secretary of State Marco Rubio and various other federal officers in their official capacities to adjudicate Fahimeh's visa application. Following her interview at the U.S. Embassy in Yerevan, Armenia in April 2024, Fahimeh's application was refused and placed in administrative processing under Immigration and Nationality Act (INA) § 221(g) where it has remained for over 26 months with no action. Contending that Defendants' failure to act constitutes a violation of law, Plaintiffs ask the court to compel agency action pursuant to the Administrative Procedure Act (APA) and to issue a writ of mandamus. Defendants move to dismiss the case for, among other grounds, failure to state a claim of unreasonable delay. Defendants' motion is granted on that basis.

## II.

### A.

The INA authorizes the issuance of immigrant visas to immediate relatives of U.S. citizens. 8 U.S.C. § 1151(b)(2)(A)(i). A U.S. citizen seeking to secure such a visa must file a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS). *Id.* § 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1). If USCIS approves the petition, it forwards the case to the National Visa Center (NVC), which is the U.S. Department of State's visa application processing facility. 9 U.S. State Dep't, Foreign Affairs Manual 504.4-5(B)(1) [hereinafter FAM]. The noncitizen relative must then submit additional paperwork, such as a Form DS-260, and application fees to NVC. *See* 22 C.F.R. § 42.67 (outlining application fees and required documentation). After processing the required materials, NVC schedules an interview for the applicant with a consular officer at the embassy with jurisdiction over the applicant's residence. *See id.* § 42.62. Following the interview, the consular officer must either issue or refuse the visa under INA § 221(g) or other applicable law. *Id.* § 42.81(a).

### B.

Miad is a United States citizen and the petitioner of a Form I-130 filed on behalf of his wife, Fahimeh, an Iranian national. Pls.' Pet. for Writ of Mandamus & Compl. for Declaratory and Injunctive Relief, ECF No. 1 [hereinafter Compl.], ¶ 77. Miad filed the Form I-130 in September 2021. *Id.* ¶ 81. USCIS approved the petition and subsequently forwarded it to the NVC, which assigned the visa application to the U.S. Embassy in Ankara, Turkey. *Id.* ¶ 82. Upon request, Fahimeh's case was transferred to the U.S. Embassy in Yerevan, Armenia. *Id.* ¶ 83. A consular officer at the Embassy interviewed Fahimeh in April 2024, refused her application

under § 221(g), and placed it into administrative processing. *Id.* ¶¶ 87–88. As of the filing of Plaintiffs' complaint, there had been no further action for 14 months. *Id.* ¶¶ 88, 94.

On July 3, 2025, Plaintiffs filed the instant lawsuit, raising claims of unreasonable delay under the APA and the Mandamus Act. *Id.* ¶¶ 126–197. Plaintiffs contend that Defendants have failed to carry out their non-discretionary duty to adjudicate Fahimeh's visa application within a reasonable time, causing Plaintiffs significant emotional and financial harm. *See id.* ¶¶ 7, 135, 139–140. Plaintiffs seek to compel Defendants to adjudicate Fahimeh's visa application within 30 days. *Id.* at 41–42. Defendants moved to dismiss on September 12, 2025. Defs.' Mot. to Dismiss & Mem. in Supp., ECF No. 6 [hereinafter Defs.' Mot.].

### III.

Defendants primarily move to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] To survive such motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim pleads facts that are not "'merely consistent with' a defendant's liability" but that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556–57). In deciding a motion under Rule 12(b)(6), the court must consider the whole complaint, accepting all factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. Courts do not, however, "assume the truth of legal conclusions . . . nor . . . accept

---

[1] Defendants also seek dismissal of one defendant, the then-Acting Director of the National Vetting Center, for lack of standing, because Plaintiffs fail to allege any involvement of the NVC in the visa denial or ongoing delay. *See* Defs.' Mot. at 4. A plaintiff need only establish that standing is plausible at this stage, *see Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015), and Plaintiffs here attribute potential delays in administrative processing to the NVC, *see* Compl. ¶ 31. Assuming that allegation to be true, that is enough at this stage to establish the causation and redressability elements of standing.

inferences that are unsupported by the facts set out in the complaint." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (citation omitted).

## IV.

Defendants raise several grounds for dismissal: (1) the absence of a discrete legal duty, (2) consular nonreviewability, and (3) the failure to state a plausible claim of unreasonable delay. *See* Defs.' Mot. at 4–22.  The court does not reach the first two arguments, because it agrees with the third.

To state a claim for unreasonable delay under the APA, a plaintiff must plausibly allege that (1) "the agency failed to take a discrete action that it is required to take" and (2) "the delay was unreasonable." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023) (internal quotation marks and citations omitted).  Defendants contend that Plaintiffs cannot satisfy either requirement.  The court only considers the second.[2]

When determining whether a delay in agency action is unreasonable, the court is guided by the familiar six *TRAC* factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed.

---

[2] Plaintiffs' contention that the court should not consider the unreasonable delay factors simply because the case is at a motion to dismiss is unavailing.  *See* Pls.' Resp. in Opp'n to Defs.' Mot., ECF No. 7 [hereinafter Pls.' Opp'n], at 33–35.  A plaintiff must still plausibly "allege that . . . the delay was unreasonable" to survive a motion to dismiss. *Da Costa*, 80 F.4th at 339.

*Telecomms. Rsch. & Action Ctr. v. FCC* (*TRAC*), 750 F.2d 70, 80 (D.C. Cir. 1984) (internal quotation marks and citations omitted).

*First and second factors.* "The first two factors are often considered together," *Pourabdollah v. Blinken*, No. 23-cv-1603 (DLF), 2024 WL 474523, at *7 (D.D.C. Feb. 7, 2024), and the first is the "most important," *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). Plaintiffs cite 8 U.S.C. § 1571(b), which expresses "the sense of Congress" that "immigrant benefit application[s] should be completed not later than 180 days after the initial filing" to support the existence of a congressionally established timetable of visa applications. Pls.' Resp. in Opp'n to Defs.' Mot., ECF No. 7 [hereinafter Pls.' Opp'n], at 38. But the D.C. Circuit has held that § 1571(b) is an "aspirational statement" and thus "insufficient to set a deadline." *Da Costa*, 80 F.4th at 344. Plaintiffs also cite 9 FAM 504.7-2(b), which advises consular departments to "strive" towards a "30/60-day" visa processing time, as well as a statement from the U.S. Department of State Bureau of Consular Affairs asserting "clear direction from Congress" that the Department "prioritiz[e] immediate relative visa applications." Pls.' Opp'n at 6–7, 38. Both are likewise aspirational statements, not concrete parameters, for visa adjudication.

"Absent a congressionally supplied yardstick, courts typically turn to case law as a guide." *Sarlak v. Pompeo*, No. 20-cv-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020). In this District, "courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Id.* (internal quotation marks and citations omitted). Here, approximately 26 months have passed between April 2024, when Fahimeh's application was refused, and the date of this opinion. That delay is within the range of reasonableness. *See Da Costa*, 80 F.4th at 344 (finding that the multi-year

passage of time in that case "has not reached the level of disproportionality [the Circuit has] previously held sufficient to grant relief"). The first two factors thus weigh in favor of Defendants.

*Fourth factor*. The fourth *TRAC* factor—the effect of competing agency priorities—carries substantial weight. *See Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020). In *Da Costa*, the D.C. Circuit concluded that this factor "strongly disfavor[ed]" the plaintiffs because moving their "petitions to the front of the line would disrupt competing agency priorities with no overall improvement in the [agency's] backlog." *Id*. at 343. So too here. Fulfilling Plaintiffs' request simply would move Fahimeh "ahead of longer-pending petitions." *Id.* No matter where Fahimeh lies in the queue, the relief she and her husband seek would "inevitably entail a 'judicial reordering' of the Department's priorities." *Khazaei v. Blinken*, No. 23-cv-1419 (JEB), 2023 WL 6065095, at *7 (D.D.C. Sept. 18, 2023) (citation omitted).[3] This factor thus "weighs against judicial intervention to expedite adjudication." *Da Costa*, 80 F.4th at 344.

*Third and fifth factors*. The overlapping third and fifth *TRAC* factors consider whether "human health and welfare are at stake" and the "nature and extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at 80.

Plaintiffs claim emotional and financial harms, including the "struggle with anxiety and depression due to their extended separation during a period of acute civil unrest" in Iran, Compl. ¶ 116, and the adverse effects of Iran's difficult economic, social, and public health conditions, *id.* ¶¶ 100–121. The delay has forced Plaintiffs to endure the "nightmare of living apart for years," despite complying with all visa application requirements. *Id.* ¶¶ 100, 117. This court does not take lightly familial separation caused by government inaction and inefficiency. It "reminds the government that it must treat [Plaintiffs'] case with the 'sense of urgency one would

---

[3] Plaintiffs allege there is no "queue" of adjudication. *See* Compl. ¶ 153. Plaintiffs have pleaded no facts to support this contention.

expect when familial interests are at stake.'" *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 95 (D.D.C. 2020) (quoting *Skalka v. Kelly*, 246 F. Supp. 3d 147, 154 (D.D.C. 2017)).   Nevertheless, as discussed above, requiring Defendants to move Plaintiffs to the front of the line will subject other visa applicants to additional delay.   While this court is sympathetic to Plaintiffs' situation, that concern does not outweigh either the agency's competing priorities or the equally felt hardships of other visa applicants.   These factors weigh in favor of Defendants.

*Sixth factor*.   Finally, the sixth factor reminds the court that it "need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."  *TRAC*, 750 F.2d at 80 (internal quotation marks and citation omitted).   Here, Plaintiff alleges no facts suggesting that the agency acted improperly, so this factor is neutral.  *See* Compl. ¶ 154; Pl.'s Opp'n at 43–44.   The delay itself cannot be the basis for "bad faith."  *See* Pls.' Opp'n at 44.

After weighing all the *TRAC* factors, the court finds that Plaintiffs have failed to state a claim for unreasonable delay under the APA.   Plaintiffs' mandamus claim also is dismissed because the APA provides an adequate remedy at law.  *See Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005).

## V.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 6, is granted.  A final, appealable order accompanies this Memorandum Opinion.

Dated:  June 18, 2026

Amit P. Mehta
United States District Judge

7